

ORDERED in the Southern District of Florida on September 21, 2012.

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Case No: 12-29562-RAM

                                                                                        Chapter 13

LAZARO R. AND CLARA L. SANTANA

        Debtors                              /


### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CHASE HOME FINANCE (LOAN NO. XXXXXXXX3268)

THIS CASE came to be heard on September 11, 2012 on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (D.E. 14). Based upon the debtor's assertions made in support on the Motion; without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of the debtor's real property (the "Real Property") located at: 4680 W 13th Lane, Unit 316, Hialeah, FL 33012, and more particularly described as: Condominium Unit No. 316 of Westland South Condominium, a Condominium according to the declaration thereof, as recorded in Official Records Book 8655, at page 1786 of the Public Records of Miami-Dade County, Florida is $72,040.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien

   Of Chase Home Finance (Loan No. xxxxxxxxx3268) (the lender) is $151,273.66.

C. The equity remaining in the Real Property after payment of al claims secured by liens

   senior to the lien of the Lender is $0.00 and the Lender has a secured interest in the Real

   Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.
2. Lender has an allowed secured claim in the amount of $0.00.
3. Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded at book 24866 page 264 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.
4. (Select only one):

   __x__  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to the Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

   Or

___ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $0.00 regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

/s/ Robert Sanchez
Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W 49th Street, Ste 500
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161